IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATRINA REEVES and
JAMES LEE REEVES,

        **Plaintiffs,**

v.                            Case No.: 3:20-cv-00423

WAYNE COUNTY BOARD
OF EDUCATION; WAYNE COUNTY;
WAYNE COUNTY COMMISSION;
WAYNE COUNTY SHERIFF,
RICHARD THOMPSON, individually;
TODD ALEXANDER individually;
HOWARD MEDDINGS, individually;
and DEPUTY HARRY SOWARDS, individually,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the Motion for Protective Order filed by Defendant Todd Alexander ("Alexander"). (ECF No. 46). Plaintiffs have filed a response in opposition to the Motion, and Alexander has replied. (ECF Nos. 50, 51). For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the Motion for Protective Order.

This case stems from adverse employment actions taken against Plaintiffs, who were employees of the Wayne County Board of Education ("BOE"). Alexander was the BOE's Superintendent at the time of the employment actions and was purportedly involved in making decisions related to Plaintiffs' employment that negatively affected them. (ECF No. 21). Plaintiffs have asserted various causes of action against Alexander; including, conspiracy to violate civil rights, invasion of privacy/false light, defamation,

intentional infliction of emotional distress; discrimination and retaliation, interference with rights under the Family and Medical Leave Act, and constructive discharge. (ECF No. 21).

Plaintiffs served discovery requests upon Alexander in September 2020. Alexander provided timely responses to the requests, but objected to one request for production of documents. That request, which is the subject of Alexander's Motion for Protective Order, seeks production of Alexander's complete personnel file. (ECF No. 46 at 3, 12). Alexander argues that his personnel file should not be produced for two reasons. First, the file is not relevant to the claims and defenses at issue in the lawsuit. Second, Alexander's privacy interest in his file outweigh Plaintiffs' dubious need for the file. (*Id.* at 3-4).

In response, Plaintiffs contend that Alexander's role as a decision maker in the adverse employment actions taken against Plaintiffs call into question Alexander's "motives, judgment, and relationships" with other BOE employees. (ECF No. 50 at 4). Consequently, they assert, documents in Alexander's personnel file are clearly relevant to their claims. Moreover, Plaintiffs argue, their compelling need for the information outweighs Alexander's right to privacy in his file.

**I. Applicable Standards**

Federal Rule of Civil Procedure 26(b) sets forth the scope and limits of discovery. Rule 26(b)(1) states:

> **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) does not exactly define relevancy, although information certainly is relevant if it logically relates to a party's claim or defense. Although the rule was amended in 2015 to remove language permitting the discovery of "any matter relevant to the subject matter involved in the action" for good cause, and "relevant information … reasonably calculated to lead to the discovery of admissible evidence," the rule in its current form still contemplates the discovery of information relevant to the subject matter involved in the action as well as relevant information that would be inadmissible at trial. Fed. R. Civ. P. 26(b)(1), *see* advisory committee notes to 2015 amendment. Accordingly, it remains true that "relevancy in discovery is broader than relevancy for purposes of admissibility at trial." *See Amick v. Ohio Power Co.*, No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W. Va. Dec. 18, 2013). Moreover, notwithstanding Rule 26(b)(1)'s amendment placing an emphasis on the proportionality of discovery, the discovery rules remain subject to "broad and liberal construction." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. Jan. 25, 2016); *see also CTB, Inc. v. Hog Slat, Inc.*, No. 7:14-cv-157, 2016 WL 1244998, at *3 (E.D.N.C. Mar. 23, 2016).

Simply because information is discoverable under Rule 26, however, "does not mean that discovery must be had." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). For good cause shown under Rule 26(c), the court may issue a protective order, restricting or prohibiting discovery that seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243–44 (M.D.N.C. 2010) (citing *Wagner v. St. Paul Fire & Marine Ins.*

*Co.*, 238 F.R.D. 418, 424–25 (N.D.W. Va. 2006)). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. <u>Discussion</u>

Plaintiffs claim that Alexander was a primary decision maker in the adverse employment actions taken against them, and that such actions were discriminatory, retaliatory, and in violation of legitimate employment policies and governing law. Thus, contrary to Alexander's contention, some of the records contained in his BOE personnel file are clearly relevant to this case. *Cason v. Builders FirstSource-Southeast Grp., Inc.*, 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001) "[W]here the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses and especially where … the court has issued an appropriate confidentiality order, personnel files are subject to discovery."); also *Howard v. Coll. of the Albemarle & Kandi Deitemeyer*, No. 2:15-CV-00039-D, 2016 WL 4384658, at *3 (E.D.N.C. Aug. 16, 2016) (finding that supervisor's personnel records were clearly relevant when employee alleged employment discrimination and wrongful termination); *Royse v. Tyco Electronics Corporation,* No. 5:05-CV-380-FL-3, 2006 WL 8438621, at *3 (E.D.N.C. May 12, 2006) (allowing production of parts of the personnel files of "four senior managers who plaintiff contends were each involved in his termination.").

On the other hand, the parties agree that personnel files contain sensitive and confidential information, and that a right of privacy attaches to the files. Furthermore, the Court notes that it is unlikely that all of the documents contained in Alexander's personnel file will be relevant to this action. For example, personnel files often contain wage and tax documents, medical records, family and beneficiary information, and other

materials that would be of no particular use in this type of litigation.

Therefore, the Court **GRANTS** the Motion to the extent that documents are contained in Alexander's personnel file that have no bearing on his history of making employment decisions, or his compliance with BOE personnel policies. The Court **DENIES** the Motion, however, to the extent that Alexander's file contains evaluations of Alexander related to his decisions to discipline or terminate employees; reports or complaints alleging Alexander's misconduct, discrimination, or failure to follow BOE policies when discipling, supervising, or terminating employees; and records of adverse actions taken against Alexander by the BOE. The Court **ORDERS** Alexander to provide Plaintiffs with a list of the categories of documents contained in his personnel file within **seven** days of the date of this Order. Within **fourteen** days of the date of this Order, the parties shall meet and confer regarding which documents should be produced, as consistent with the guidance in this Order. The parties shall complete and tender to the undersigned the Court's standard agreed protective order, found on the Court's website, so that any confidential documents in Alexander's personnel file, which are produced, can be produced pursuant to the protective order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:**  November 12, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge