IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATRINA REEVES and
JAMES LEE REEVES,

      Plaintiffs,

v.                               Case No.: 3:20-cv-00423

WAYNE COUNTY BOARD
OF EDUCATION; WAYNE COUNTY;
WAYNE COUNTY COMMISSION;
WAYNE COUNTY SHERIFF,
RICHARD THOMPSON, individually;
TODD ALEXANDER individually;
HOWARD MEDDINGS, individually;
and DEPUTY HARRY SOWARDS, individually,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the following motions: (1) Motion by Howard Meddings to Quash Subpoena Served on Wayne County Board of Education, (ECF No. 109); and (2) Motion by Wayne County Board of Education to Quash Subpoena Duces Tecum, (ECF No. 113). The motions have been fully briefed, and oral argument is unnecessary. For the reasons that follow, the Court **GRANTS** the Motions.

On March 31, 2021, Plaintiffs served a subpoena duces tecum on the Wayne County Board of Education, seeking the personnel file of Defendant Howard Meddings. It is this subpoena that the defendants seek to quash in their companion motions. This Court has previously held that a subpoena seeking the pretrial production of documents constitutes a discovery device. *Wei-Ping Zeng v. Marshall Univ.*, No. 3:17-CV-03008, 2019 WL

164813, at *3 (S.D.W. Va. Jan. 10, 2019) ("A majority of jurisdictions has held that a subpoena issued under Fed. R. Civ. P. 45, seeking the pretrial production of documents, constitutes a discovery device.") (citing *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566–67 (W.D.N.C. 2002)). As such, a pretrial subpoena duces tecum is "subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443–44 (D. Minn. 1997). A subpoena duces tecum served on a party is governed by Fed. R. Civ. P. 34—the rule that supplies the procedure by which one party may obtain documents from another party—and is subject to court-imposed deadlines for the completion of Rule 34 requests. *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385-86 (D.S.C. 2016). As the District Court explained in *Layman*:

> The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party. If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness. Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.

*Layman*, 314 F.R.D. at 385 (internal citations omitted).

In this case, the Court imposed a deadline of March 2, 2021 for the completion of discovery requests. (ECF No. 31). On March 4, 2021, two days after expiration of the completion date for discovery requests, Plaintiffs moved for a sixty-day extension of all deadlines. (ECF No. 82). On March 16, 2021, the Court granted Plaintiffs' motion and extended certain discovery deadlines, but specifically did ***not*** enlarge the deadline for completing discovery requests. (ECF No. 88). Another two weeks passed before Plaintiffs

served the subpoena at issue. Accordingly, the documents requested by Plaintiffs in the subpoena duces tecum were not timely sought, and the motions to quash are well-taken. The Court **ORDERS** that the subpoena duces tecum served on the Wayne County Board of Education on March 31, 2021, seeking Defendant Meddings's personnel records is **QUASHED**.

The Clerk is directed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** May 4, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge