IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATRINA REEVES and
JAMES LEE REEVES,

          Plaintiffs,

v.                          CIVIL ACTION NO.   3:20-0423

WAYNE COUNTY BOARD OF EDUCATION;
WAYNE COUNTY;
WAYNE COUNTY COMMISSION;
WAYNE COUNTY SHERIFF, RICHARD THOMPSON,
individually,
TODD ALEXANDER, individually;
HOWARD MEDDINGS, individually; and
DEPUTY HARRY SOWARDS, individually,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 181) and Defendants Wayne County Commission ("WCC"), Richard Thompson, and Harry Sowards' Motion for Summary Judgment (ECF No. 185). For the reasons herein, Defendants' Motion is **DENIED IN PART and GRANTED IN PART.** Plaintiffs' Motion, to the extent it seeks summary judgment against these Defendants is also **DENIED**. At the hearing on November 4, 2021, Plaintiffs' counsel agreed that Defendants WCC and Richard Thompson should be dismissed. Transcript of Proceedings at 67-68, ECF No. 292. Accordingly, they are **DISMISSED** from the case. This opinion will therefore only examine Deputy Sowards's liability in assessing both Plaintiffs' and Defendants' Motions for Summary Judgment.

## I. FACTUAL BACKGROUND

This case is centered around an alleged break in at a Wayne County Board of Education ("WCBOE") bus garage in the fall of 2019 and the investigation that followed. There are few undisputed facts here. Plaintiffs Katrina and James Lee Reeves have been employees of WCBOE for years; Mrs. Reeves worked as a school bus driver, while Mr. Reeves worked in the WCBOE bus garage. Am. Compl. ¶¶ 18–23, ECF No. 21. The Reeveses maintained consistent employment with WCBOE for almost twenty years. *Id.* Mr. Reeves had one coworker, Defendant Meddings, the parts supervisor at the WCBOE bus garage, with whom he had a contentious relationship. *Id.*

After the alleged break-in, the WCBOE superintendent Mr. Alexander contacted the Wayne County Sheriff's Office to investigate. Deputy Harry Sowards took the lead on the case and investigated. From there, parties fundamentally disagree over the scope, propriety, and fairness of the investigation. Plaintiffs essentially allege that Mr. Meddings, who was Mr. Reeves's coworker, improperly influenced his friend Deputy Sowards and played an active role in the investigation. Pls.' Mem. in Support of Mot. for Summ. Jdgmt. at 8-14, ECF No. 181. Plaintiffs allege multiple instances of wrongdoing by Deputy Sowards over the course of the investigation: that he pursued only Mr. Reeves as a suspect despite evidence to the contrary, that he had other employees (including Meddings) assist him in searching and seizing Mr. Reeves's property, that he ignored evidence that other employees took discarded parts, that he pressured witnesses to incriminate Mr. Reeves, and that he then pursued a reckless and malicious criminal complaint against the Reeves, resulting in their termination and job loss. *Id*. at 8-22.

Deputy Sowards, of course, characterizes his actions and the investigation as a normal process. Defs.' Resp. at 2-3, ECF No. 186. He testified that he interviewed multiple witnesses and his investigation simply pointed squarely at the Reeveses. *Id*. His search of the Reeves's property

turned up evidence that potentially matched the description of those items allegedly taken from the bus garage, and so he pursued an investigation against them. *Id.*

The investigation led to criminal charges against the Reeves. *See* Criminal Complaints, ECF Nos. 181-23, 181-24. While the other counts against the Reeveses were dismissed, Mr. Reeves was indicted by a grand jury for embezzlement. *See* Indictment, ECF No. 181-27; Criminal Judgment Orders, ECF No. 184-32, 184-33. Because of the criminal charges, Mr. Reeves was placed on unpaid suspension. Ex. 17, ECF No. 181-18.  Mrs. Reeves was also suspended, and later, terminated. Ex. 29, ECF No. 181-30. The news of their suspension and the criminal charges appeared in local newspapers. *See* Ex. 10, ECF No. 185-18

These events culminated in the Reeveses filing an eleven-count complaint. Deputy Sowards is one of seven named defendants in this case. Specifically, Sowards is named in the following counts: (1) Violation of Civil Rights under 42 U.S.C. § 1983 (Count I); (2) Civil Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1983 (Count III); (3) Abuse of Process (Count IV); (4) Malicious Prosecution (Count V); (5) Invasion of Privacy/False Light (Count VI); (6) Defamation (Count VII); and (7) Intentional Infliction of Emotional Distress (Count VIII). Plaintiffs moved for summary judgment against Deputy Sowards on Counts IV, V, VI, and VII. ECF No. 181. Deputy Sowards cross-filed his Motion for Summary Judgment (ECF No. 185) on all counts. The Motions are now briefed and ripe for resolution.

## II. LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

A. Count I: 42 U.S.C. § 1983 Claim

Defendant first contends that he is entitled to qualified immunity. The doctrine of qualified immunity protects government officials "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining whether qualified immunity applies, the court must conduct a two-step analysis. *Id.* at 232. First, the court must determine whether the record supports finding a violation of a constitutional right. *Id.* Second, the court must determine whether the right was "clearly established at the time of defendant's alleged misconduct." *Id.* (internal quotation marks and citation omitted). To be considered clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that

what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). If both factors result in the affirmative, qualified immunity does not apply. *Pearson*, 555 U.S. at 232. The Supreme Court in *Pearson* directed that the analysis does not need to be applied in sequence depending on the circumstances of each individual case. *Id.* at 236.

Defendant Sowards claims he has established his defense because there is "no law which would have placed [him] on notice that to issue a criminal complaint after conducting a valid criminal investigation which included taking statements from multiple witnesses who implicated Plaintiffs in the thefts would constitute a deprivation of Plaintiffs' rights, as no such law exists." Defs.' Mem. in Support of Summ. Jdgmt. at 7, ECF No. 186. Essentially, Defendant's argument is that because Mr. Reeves was arrested on a valid warrant (and never contested the validity of the probable cause underlying the warrant), Defendant did not violate any rights. *Id*. Similarly, because the criminal complaint was filed only after Plaintiffs' arrests pursuant to the valid warrant, the criminal investigation was valid, and no violation of Plaintiffs' rights occurred. *Id.* Before reaching the question of whether the right was clearly established, this Court can first examine whether a constitutional right has been violated.

*i. Violation of a Constitutional Right*

Allegations that an arrest was made without probable cause implicate the right to be free from unreasonable searches and seizures under the Fourth Amendment and state a cognizable claim under § 1983. *See Rogers v. Pendleton,* 249 F.3d 279, 294 (4th Cir. 2001). "An officer who intentionally or recklessly puts lies before a magistrate or hides facts from him violates the Constitution unless the untainted facts themselves provide probable cause." *Miller v. Prince George's Cnty.,* 475 F.3d 621, 630-31 (4th Cir. 2007). "A plaintiff's allegations that police seized him pursuant to legal process that was not supported by probable cause and that the criminal

proceedings terminated in his favor are sufficient to state a ... claim alleging a seizure that was violative of the Fourth Amendment." *Id*. at 627.

Where a plaintiff alleges that his seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest, plaintiff must prove that the law enforcement officer either "deliberately or with a reckless disregard for the truth made material false statements in his affidavit, or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." (internal citations and quotations omitted). *Id.* "Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id*. (internal citation and quotation marks omitted). "In order to violate the Constitution, the false statements or omissions must be material, that is, necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Id*. at 628. "To determine materiality, a court must 'excise offending inaccuracies and insert the facts recklessly omitted and determine whether or not the 'corrected' warrant would establish probable cause.'" *Id*. If a corrected warrant establishes probable cause, then liability cannot lie against the officer.

Here though, of course, Deputy Sowards is the only officer whose account appears in the affidavit. *See* Exs. 23, 24, ECF Nos. 181-23, 181-24. Taken in the light most favorable to Plaintiffs, the evidence could establish that Deputy Sowards knew the statements from witnesses were wrong or intentionally falsified or mischaracterized them and that he omitted the fact that the items from the barn were possibly lawfully obtained. *See* Sammons Depo. at 233-38, ECF No. 181-7. Taking out Deputy Sowards' statements and accounts of witness testimony would effectively amount to

excision of the entire warrant. Of course, Plaintiff has also not proved the inaccuracy of these statements entirely on the record evidence alone either. Accordingly, this Court finds a genuine issue of material fact that precludes a finding of qualified immunity on this charge. Thus, summary judgment must also be denied.

B. Count III: Civil Conspiracy

"To establish a conspiracy claim under § 1983, a plaintiff 'must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right.'" *Penly v. McDowell Cnty. Bd. of Educ.,* 876 F.3d 646, 658 (4th Cir. 2017) (quoting *Massey v. Ojaniit*, 759 F.3d 343, 357-58 (4th Cir. 2014)). "This burden is 'weighty.'" *Id*. (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). "While they need not produce direct evidence of a meeting of the minds, [plaintiffs] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Id*. (quoting *Hinkl*e, 81 F.3d at 421) The evidence "must, at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.* (quoting *Hinkle*, 81 F.3d at 421).

Defendants suggest they are entitled to summary judgment on this claim because there is absolutely no evidence for a jury to infer a conspiracy. Defs.' Reply at 7, ECF No. 203. But Plaintiffs have shown at least some facts which could support a finding of conspiracy to falsely accuse the Reeves and subject them to arrest. The evidence suggests that Deputy Sowards improperly allowed Defendant Meddings a high level of involvement in the case, potentially because of their friendship. The two at least communicated and met on multiple occasions, potentially discussing the investigation. Meddings Depo. at 166-174, ECF No. 181-5; Spaulding

Depo. at 31-32, ECF No. 181-4. Indeed, Mr. Meddings may have obtained pictures, texts, and records contained within Mr. Reeves's cell phone, access from which purportedly came from Deputy Sowards. Spaulding Depo. at 31-32, 38; Spaulding Aff. ¶ 20, ECF No. 179-12; Duncan Depo. at 11-12, ECF No.179-21. Deputy Sowards did not search the home of any other WCBOE employee, despite many of them testifying that it was common for employees to take unused parts. *See* Rice Depo. at 28, ECF No. 181-18; Duncan Statement at 1-2, ECF No. 181-19; Thompson Depo. at 19, ECF No. 181-20. Deputy Sowards was informed that it was a possibility that the items at Mr. Reeves' home was all obtained legally through auctions. Sammons Depo. at 97-108, ECF No. 181-7. Some employees felt that they were being pressured by Deputy Sowards. *See* Spaulding Depo. at 22-26; Rice Depo. at 46-49. Further, in the criminal complaint against the Reeveses, Deputy Sowards claims that Mr. Sammons stated that the items at the Reeves' home would never have been left on the buses to be auctioned, but Mr. Sammons disagrees with this assertion and has since filed a lawsuit against Deputy Sowards. *See* Criminal Complaints, ECF Nos. 181-23, 181-24; Complaint, *Sammons v. Wayne Cnty. Comm'n.*, No. 3:21-cv-0081 (S.D.W. Va. Feb. 1, 2021), ECF No. 1.

However, Defendants also adduce evidence that negates the existence of a meeting of the minds sufficient to prove conspiracy. Meddings testified that he acted within the scope of his employment in participating in the existing investigation and bore no ill will towards the Reeveses. *See e.g.,* Meddings Depo. Of course, Deputy Sowards's testimony also largely mirrors Meddings and suggests that Meddings was only tangentially involved in the investigation. *See* Sowards Depo. at 91-96, 126-131, 216, ECF No. 179-16. Further, many of the actions taken by Deputy Sowards are consistent with the scope of a normal police investigation, and a jury could believe his reasons

for pursuing them. Accordingly, both parties' motions for summary judgment on this count must be denied.

C. Count IV: Abuse of Process

A claim for abuse of process exists when there is evidence of "willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." *Williamson v. Harden*, 585 S.E.2d 369, 372 (W. Va. 2003) (quoting *Preiser v. MacQueen*, 352 S.E.2d 22, 28 (W. Va. 1986)). This claim is distinct from a claim for malicious prosecution; the "distinctive nature of an action for abuse of process…is that it lies for the improper use of a regularly issued process, not for maliciously causing process to issue," *Harden*, 585 S.E.2d at 372 (internal citations and quotations omitted). Accordingly, "the mere filing of a complaint does not give rise to a claim for abuse of process." *Deel v. W. Virginia EMS Technical Support Network, Inc.*, No. CIV.A.2:06-1064, 2009 WL 2366524, at *3 (S.D.W. Va. July 24, 2009) (quoting *S. States Coop. Inc. v. I.S.P. Co.*, 198 F.Supp.2d 807, 816 (N.D.W. Va. 2002)). This is so regardless of the "bad intentions" of the defendant. *Id.* (quoting *Preiser*, 352 S.E.2d at 28 n.8).

Defendant's argument is that there has been no abuse of process because the process was issued only after a finding of probable cause by a magistrate. Defs.' Mem. at 13. Further, "it has been shown that no fraud took place during the investigation as Deputy Sowards questioned multiple people while gathering evidence." *Id*. Plaintiff contends that there has been an abuse of process because the record shows insufficient evidence to support any criminal investigation against the Reeveses for alleged embezzlement or conspiracy to embezzle and yet Deputy Sowards pursued criminal charges against them. *See* Pls.' Mem. at 34.

The evidence on the record at most suggests that Deputy Sowards caused process to issue against defendant by failing to thoroughly investigate before the warrant issued or by lying in his

application for a warrant. The evidence mentioned (but not cited) by the Plaintiffs all involves conduct that led to the wrongful instigation of the legal process, and there is no evidence that the alleged abuse occurred after this.[1] Accordingly, summary judgment in favor of the Defendants must be awarded here.

D. Count V: Malicious Prosecution

To maintain an action for malicious prosecution it is essential to prove: (1) that the prosecution was malicious; (2) that it was without reasonable or probable cause; and (3) that it terminated favorably to plaintiff. Syl. Pt. 3, *McCammon v. Oldaker*, 516 S.E. 38 (W. Va. 1999) (quoting Syl. Pt. 1, *Lyons v. Davy–Pocahontas Coal Co.*, 84 S.E. 744 (W. Va. 1915)). The favorable termination requirement exists to "avoid[] parallel, conflicting litigation wherein the plaintiff completes a successful tort action after being convicted of the underlying crime." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). To permit a convicted defendant to proceed with a malicious prosecution claim would, in effect, constitute an unwarranted "collateral attack on the conviction through the vehicle of a civil suit." *Id*.

Regarding Mr. Reeves, the record undisputedly establishes that the third element has not been met. The criminal case against him, at least with respect to the count of felony embezzlement is still pending. *See* Grand Jury Indictment, ECF No. 181-28. Plaintiffs only respond that the remaining charge is irrelevant because the dismissal of the conspiracy count supports a malicious prosecution action. Pls.' Resp. at 19, ECF No. 197. This Court can find no authority supporting the view that dismissal of some related charges, but not all, constitutes a favorable termination of

---

[1] Although not raised in the briefing, Plaintiffs made a conclusory statement at the hearing that their abuse of process claim is based on Deputy Sowards' grand jury testimony. *See* Transcript at 29. The argument is insufficiently developed.

all pending charges for the purposes of malicious prosecution. Accordingly, the malicious prosecution claim cannot stand, and partial summary judgment must be awarded to the Defendants against Mr. Reeves.[2]

However, in Mrs. Reeves's case, the charges pending against her were dismissed after a magistrate found lack of probable cause. Transcript of Preliminary Hearing at 99, ECF No. 181-28. This is a favorable termination for the purposes of a malicious prosecution charge. *See Goodwin v. City of Shepherdstown*, 825 S.E.2d 363, 369 (W. Va. 2019) (finding no "favorable termination" where the dismissal order did not speak to validity of the charges and the Court could not say as a matter of law that the charges will not be revived). "Malice may be inferred from lack of probable cause but the converse it not true. *See Truman v. Fidelity & Cas. Co. of N.Y.*, 123 S.E.2d 59, 69 (W. Va. 1961). To survive summary judgment, then, there must be a genuine issue of material fact as to whether the investigation went forward without reasonable or probable cause.

A neutral magistrate found probable cause to issue the search warrant of the Reeves's property and their arrest warrants. However, Plaintiff contends that Deputy Sowards lied in obtaining this warrant. As discussed regarding the claim under § 1983, Plaintiff has raised a question as to whether Deputy Sowards deliberately made false, material statements, and so summary judgment cannot be awarded to Mrs. Reeves on this claim. Accordingly, the state law malicious prosecution claim can lie as to Mrs. Reeves, but not Mr. Reeves.

E. Count VII: Invasion of Privacy/False Light

To state a false light invasion of privacy claim, West Virginia law requires plaintiff to prove:

---

[2] The Court notes that Plaintiffs' counsel has contended that the remaining charges against Mr. Reeves will also be dismissed. However, this has not happened by the time of this Order.

> (1) [T]hat there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed.

*Benson v. AJR, Inc.,* 599 S.E.2d 747, 752 (W. Va. 2004). To be actionable, the false light must also be "offensive to a reasonable person," and the subject of "widespread publicity." *Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70, 87-88.

Defendants assert that they are entitled to summary judgment because the "matters of legitimate public interest defense" is applicable. *See id.* at 83. "In determining whether a manner of legitimate public interest is involved, the inquiry focuses on the information disclosed by the publication and asks whether truthful information of legitimate concern to the public is publicized in a manner that is not highly offensive to a reasonable person." *Id.* at 84 (internal citations and quotations omitted). "Public interest includes both the dissemination of current events and any informational material of legitimate public interest." *Id.* (internal citations and quotations omitted). Plaintiffs merely note that "Defendant ignores that no legitimate basis existed for the criminal charges against the Reeves [sic]." Pls.' Resp. at 19.

Presumably then, Plaintiffs are arguing that because the investigation and search warrant contained allegedly false motivation and were unlawfully motivated, when this information was released to the media, it placed them in false light. However, the Supreme Court of Appeals of West Virginia examined the same claims and found that defendants were entitled to summary judgment where plaintiffs failed to set forth any evidence which would create a dispute about whether Defendants gave publicity to any of the statements at issue. *See Taylor v. W. Va. Dept. of Health and Human Res.*, 237 W. Va. 549, 570 (W. Va. 2016). Here, too, the record shows no evidence that attributes the statements in the newspaper to Deputy Sowards specifically. *See*

Articles, ECF Nos. 185-8, 185-9, 185-10. Nor have Plaintiffs adduced evidence supporting their contention that Deputy Sowards wrote the press release.

Further, the two articles which named the Reeveses were published on February 6 and February 7. *See id.* The criminal complaints and attached exhibits were filed on February 6, 2020, and so would presumably be a matter of public record at that time, which bars finding that Defendant gave publicity to the issue. *See Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 494–95 ("Thus even the prevailing law of invasion of privacy generally recognizes that the interests in privacy fade when the information involved already appears on the public record."). Accordingly, summary judgment on this claim should be granted in favor of Defendants, which necessarily means Plaintiffs' claim to summary judgment on this issue is denied.

F. Count VIII: Defamation

In West Virginia, a claim for defamation requires a plaintiff to plead and prove the following elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiffs; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W. Va. 1983). Plaintiffs point to two statements made by Deputy Sowards: a statement to Mr. Duncan that Mr. Reeves was in trouble and a press release of the Reeves' arrest. Duncan Statement at 7, ECF No. 181-19; Exs. 9 and 10, ECF Nos. 185-17, 185-18. The record evidence does not establish that Deputy Sowards created the press release published in the newspapers. Deputy Sowards told Mr. Duncan that "Lee is in a lot of trouble, him and his wife. And he's in the kind of trouble that he can't get out of; we've got him. Now, like I say you don't at this point in the investigation wanna cover for a friend." Duncan Statement at 7. Deputy Sowards would typically have immunity for a statement like this because a criminal investigation is likely within the scope of his employment,

and he is an employee of a qualifying political subdivision. *See* W. Va. Code Ann. § 29-12A-5. However, as stated above the evidence suggests that Deputy Sowards' acts during his investigation were malicious, and so a defamation claim could lie where Deputy Sowards published a statement to an individual accusing Mr. Reeves of a crime. Of course, Plaintiffs have not shown Deputy Sowards' bad faith for the purposes of summary judgment, and so his statement could have been made in good faith, which would allow him to assert a qualified immunity to the defamation claim. Accordingly, neither party is entitled to summary judgment.

G. Count VIII: IIED

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl Pt. 3, *Travis v. Alcon Labs, Inc.*, 504 S.E.2d 419 (W. Va. 1998). Whether conduct may reasonably be considered outrageous is a legal question for the trial court to determine. *See id.*, Syl. Pt. 4. Defendant suggests that the evidence only demonstrates that a lawful investigation took place and so no claim can lie. *See* Defs.' Mem. at 17-18. Of course, this Court has found that there is a genuine issue of material fact as to whether Deputy Sowards conspired to deprive Plaintiffs of their civil rights through a false and malicious police investigation. This could undoubtedly constitute outrageous conduct and thus Defendants are not entitled to summary judgment on the issue. However, similarly, the Plaintiffs have not proved Deputy Sowards conducted a malicious

and fraudulent investigation with evidence that would entitle them to summary judgment on this count. Accordingly, both parties' motions for summary judgment must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. As to Counts I, III, VII, and VIII, the Motion is **DENIED**. As to Counts IV and VI, the Motion is **GRANTED**, and Plaintiffs' corresponding Motion for Summary Judgment (ECF No. 181) on those counts is **DENIED**. As to Count V, Partial Summary Judgment is **GRANTED** as to Plaintiff Mr. Reeves, but **DENIED** as to Plaintiff Mrs. Reeves. Plaintiffs' Motion for Summary Judgment (ECF No. 181) as to the remaining counts against Defendant Sowards (V and VII) is also **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 1, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE