IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATRINA REEVES and
JAMES LEE REEVES,

           Plaintiffs,

v.                                      CIVIL ACTION NO.   3:20-0423

WAYNE COUNTY;
HOWARD MEDDINGS, individually; and
DEPUTY HARRY SOWARDS, individually,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Howard Meddings' Motion to Stay Pending Interlocutory Appeal. ECF No. 303. Plaintiff Katrina Reeves[1] filed a Response in opposition to the Motion on December 22, 2021 (ECF No. 309), and Defendant Meddings filed his Reply on December 24, 2021 (ECF No. 312). The Motion is now ripe for the Court's consideration. For the reasons herein, the Court **GRANTS** the Motion.

### I. FACTUAL BACKGROUND

In June 2020, Plaintiff and her husband sued Defendant Meddings and others on a variety of federal and state law claims alleging wrongful conduct during a police investigation and a subsequent malicious prosecution. After the close of discovery, Defendant Meddings moved for

---

[1] The Court notes that there is a pending Motion to Substitute (ECF No. 298) Plaintiff Katrina Reeves for her husband, James Lee Reeves, who passed away in November. The Court has not yet ruled on the matter but will refer to her as "Plaintiff" in the singular for clarity.

summary judgment on all claims on the basis of qualified immunity. ECF No. 182. In December 2021, the Court denied the Motion. ECF No. 295. Following this denial, Defendant filed an interlocutory appeal with the United States Court of Appeals for the Fourth Circuit contending that the Court erred in concluding at summary judgment that Defendant was not entitled to qualified immunity. (U.S.C.A. Case No. 21-2391).

## II. LEGAL STANDARD & ANALYSIS

In *Mitchell*, the Supreme Court held that the denial of qualified immunity is immediately appealable under the collateral order doctrine to the extent that the availability of this defense turns on a question of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "This principle applies whether qualified immunity was rejected at the dismissal stage (as in these proceedings), or at the summary judgment stage." *Ridpath v. Bd. of Gov. Marshall Univ.*, 447 F.3d 292, 305 (4th Cir. 2006). Plaintiff's argument is not that Defendant is not entitled to an appeal of the Court's denial of qualified immunity, but that Defendant's appeal is frivolous, will harm Plaintiff, will not harm Defendant, and that public interest requires trial.

Plaintiff argues that, in evaluating whether a stay is appropriate, the court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See also Nken v. Holder*, 556 U.S. 418 (2009) (applying these factors to stay of immigration removal order pending appeal). Defendant contends that this standard is inapplicable, given that it only applies to cases seeking a stay of execution of a judgment, rather than a stay of trial. Def.'s Reply at 2, ECF No. 312; *see also Moore v. Equitrans, L.P*, No. 1:12-123, 2015 WL 2129259 at *3 (N.D.W.

Va. May 6, 2015) (finding that the four-part *Long* test is inapplicable when a party is not seeking a stay of the execution of a judgment while the case is being appealed). Plaintiff's arguments center around this standard, noting that Defendant's appeal is frivolous. *See* Pl.'s Resp. at 4-5, ECF No. 309. Further, Plaintiff argues that Defendant Meddings will not be irreparably harmed by proceeding to trial, but that Plaintiff will be harmed because the trial delay will "cause detriment to her health condition." *Id*. at 6-7. Lastly, Plaintiff asserts that there is a public interest in determining the claims at issue. *Id.* at 7.

Some district courts have used the four-part balancing test to determine whether a stay pending appeal on the issue of qualified immunity is appropriate. *See e.g., Campbell v. Sims*, No. 20-2590, 2021 WL 4342039 (D. Md. Sept. 23, 2021); *Krell v. Queen Anne's Cnty*., No. 18-0367, 2020 WL 416975 (D. Md. Jan. 27, 2020). Others consider the purpose of qualified immunity and determine that stays should generally be granted. *See e.g., Glover v. Hryniewich*, 438 F. Supp. 3d. 625 (E.D. Va. Feb. 7, 2020); *Occupy Columbia v. Haley*, No. 3:11-03253, 2013 WL 12380290 (D.S.C. Mar. 18, 2013); *White v. Chapman*, No. 1:14-848, 2015 WL 13021744 (E.D. Va. Apr. 29, 2015). This Court generally agrees that it is appropriate to stay the case pending resolution of the question of qualified immunity, where the Defendant would be subjected to the trial next month. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 143-144 (1993) ("[A]bsent immediate appeal, the central benefits of qualified immunity -- avoiding the costs and general consequences of subjecting public officials to the risks of discovery and trial - would be forfeited ....") (internal citation omitted).

However, to the extent the four-factor standard also applies to the stay of proceedings pending interlocutory appeal, the Court finds that the factors weigh in favor of granting the stay. Should the Fourth Circuit find that Defendant is entitled to qualified immunity, the benefit of it

will be "effectively lost if a case is erroneously permitted to go to trial," which would greatly harm Defendant. *Id*. at 144 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff generally argues that she will be harmed because a delay to her trial will cause detriment to her health condition. Of course, this is unfortunate, but when weighed against the other factors, it cannot overcome them. Here, the case has proceeded as rapidly as possible. Although Defendant's appeal comes very shortly before trial, Defendant filed it promptly after the Court's summary judgment decision and only raised arguments that they have asserted throughout the entirety of this case. *See White,* 2015 WL 13021744 at *2. Circumstances suggest that Plaintiff's ability to recover will only be delayed rather than permanently diminished by a stay, which weigh against finding irreparable harm. *See Krell*, 2020 WL 16975 at *2-3.

Further regarding the public interest, should the appeal end this matter, the use of court resources and tax dollars will be reduced. Also, though the Fourth Circuit has not accepted or rejected a presumption that the public interest in resolving qualified immunity issues generally supports a stay, given Supreme Court precedent emphasizing the public interest in protecting officers from suits, this factor weighs slightly in favor of granting the stay. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998) ("[T]here is a strong public interest in protecting public officials from the costs associated with the defense of damages actions.").

Finally, in considering likelihood of success on the merits, Defendant's appeal is a proper interlocutory appeal. Further, it involves mixed questions of law and fact, which are appropriate for the Fourth Circuit to resolve. *See Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 221 (4th Cir. 2012) (en banc) ("Hence, insofar as an interlocutory appeal of a denial of immunity requires resolution of a purely legal question (such as whether an alleged constitutional violation was of clearly established law), or an ostensibly fact-bound issue that may be resolved as a matter of law

(such as whether facts that are undisputed or viewed in a particular light are material to the immunity calculus), we may consider and rule upon it.").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay. ECF No. 303. The action is **STAYED** pending the Fourth Circuit's resolution of the issue of qualified immunity. The Court **SUSPENDS** all dates pursuant to the scheduling order (ECF No. 290), including the pretrial conference set for January 10, 2022, the final settlement conference set for January 18, 2022, and the trial set for January 19, 2022, and all related dates.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    January 4, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE