IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

KATRINA REEVES and
JAMES LEE REEVES,

     Plaintiffs,

v.            CIVIL ACTION NO.   3:20-0423

WAYNE COUNTY;
HOWARD MEDDINGS, individually; and
DEPUTY HARRY SOWARDS, individually,

     Defendants.


**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is Todd Alexander and Wayne County Board of Education (collectively, the "WCBOE Defendants"), and Plaintiff Katrina Reeves's[1] Joint Motion for Entry of Final Judgment. ECF No. 321. For the following reasons, the Court **GRANTS** the motion.

   On December 2, 2021, this Court entered summary judgment in favor of the WCBOE Defendants and dismissed them from this action. *See e.g.*, Mem. Op. & Order, ECF No. 297. Some of Plaintiff's claims against other defendants in the action, however, survived summary judgment and remain pending. *See e.g.*, Mem. Op. & Orders, ECF Nos. 295, 296. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief ..., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or

---

[1] The Court notes that there is a pending Motion to Substitute (ECF No. 298) Plaintiff Katrina Reeves for her husband, James Lee Reeves, who passed away in November. The Court has not yet ruled on the matter but will refer to her as "Plaintiff" in the singular for clarity.

parties only if the court expressly determines that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b).

"The tack which the district court must follow to effectuate a Rule 54(b) certification involves two steps." *Braswell Shipyards,* 2 F.3d at 1335 (citing *Curtiss–Wright Corp. v.* 446 U.S. at 7-8). "First, the district court must determine whether the judgment is final." *Id.* "[A] judgment must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (other citations and internal quotation marks omitted). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* (citation omitted). In determining whether there is no just reason to delay entry of judgment, the district court should consider the following factors to the extent they are applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335–36 (quoting *Allis–Chalmers Corp. v. Phila. Elec. Co.,* 521 F.2d 360, 364 (3d Cir.1975)) (other citation omitted).

In this case, the Court finds that its decision on Plaintiff's claims against the WCBOE Defendants is a final decision as it renders the ultimate disposition of those claims. The Court also finds that there is no just reason to delay entry of judgment. Plaintiff's surviving claims involve actions for violation of constitutional rights and other state law torts based on other Defendants' individual actions.[2] Because the WCBOE Defendants were dismissed from the action by the

---

[2] Of course, there is one civil conspiracy claim that remains pending, but it remains only as to Mr. Meddings and Deputy Sowards, and not the Defendants asking for final judgment.

Court's Order, the Court does not foresee the possibility that the need for review of its Order might be mooted by future development in the proceedings before this Court.[3]  In addition, this Court's grant of summary judgment to the WCBOE Defendants was highly fact-specific and a review of the other Defendants' claims by an appellate Court would not raise the same issue a second time. There is no claim or counterclaim which could result in a set-off against the judgment. Further, the miscellaneous factors here weigh in favor of granting the Motion because there is no indication that it would result in additional delay or expenses to either party. "On balance, 'the risks of piecemeal litigation' are substantially 'outweigh[ed]' by the 'potential benefits of entering a fainl judgment' on the grant of summary judgment to [the WCBOE Defendants.]" *See Graham v. Dhar*, No. 1:18-00274, 2020 WL 5096998, at *4 (S.D.W. Va. Aug. 28, 2020) (quoting *Heckman v. Ryder Truck Rental, Inc*., No. 12-664, 2014 WL 3405003, at *2 (D. Md. July 9, 2014)).

Because the WCBOE Defendants have been dismissed from the action and a final judgment order has been entered against them, their final pending Motion in Limine (ECF No. 248) is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  January 27, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] Nor does the pending appeal in this matter – which concerns Defendant Meddings's claim of qualified immunity.