## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

KATRINA REEVES and
JAMES LEE REEVES,

          Plaintiffs,

v.                              CIVIL ACTION NO.  3:20-0423

HOWARD MEDDINGS, individually; and
DEPUTY HARRY SOWARDS, individually,

          Defendants.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Meddings' Motion to Seal Motion in Limine (ECF 396). The Motion asks the Court to seal Defendant Meddings's Motion in Limine to Exclude Any Reference to or Recovery of Psychological and/or Emotional Damages (ECF 396-1) and its attached exhibits (ECF Nos. 396-2, 396-3, 396-4, 396-5). *See* ECF 396 at 2. For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

There is a presumption of public access to judicial records. *See Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). A district court may, however, "seal documents if the public's right of access is outweighed by competing interests . . . ." *Id.* (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). To seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Meddings argues that his Motion in Limine and the attached exhibits should be sealed because they (1) include confidential health information and (2) quote from previously sealed exhibits. *See* ECF 396 at 1–2.

Meddings's Motion in Limine, however, contains no such information or quotations. In addition, the contents of ECF 396-5 ("Exhibit C") are already publicly available. *See* ECF 415-1. As a result, no competing interests outweigh the public's right to access the Motion in Limine or Exhibit C. Neither document should be sealed.

The remaining exhibits contain sensitive, non-public information. However, the confidential information in two of these exhibits—ECF Nos. 396-2 and 396-3—could easily be redacted. Accordingly, the Court will seal the unredacted versions of these documents but direct Defendant Meddings to file redacted versions on the public docket. Meddings should redact (1) any quotations from previously sealed documents and (2) paragraph 1 of Plaintiffs' Rule 26(a)(2) Disclosures (ECF 396-3) and its reproduction in Meddings's Motion in Limine.

Since confidential and sensitive information is set forth throughout ECF 396-4, alternatives to sealing, including redaction, are not feasible. ECF 396-4 will be sealed.

The Court **GRANTS in part** and **DENIES in part** Defendant Meddings' Motion to Seal Motion in Limine (ECF 396).

The Court **DIRECTS** the Clerk to file ECF Nos. 396-2, 396-3, and 396-4 under seal. ECF Nos. 396, 396-1, and 396-5 should not be sealed.

The Court **DIRECTS** Defendant Meddings to file redacted versions of ECF Nos. 396-2 and 396-3 by **October 21, 2025**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   October 15, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE